■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD ROSEVINK, Appellant.—Yesawich, Jr., J. Appeal from a judgment of the County Court of Tompkins County (Barrett, J.), rendered July 17, 1986, upon a verdict convicting defendant of the crime of attempted burglary in the second degree.

On January 10, 1986, two police officers, responding to a silent alarm at 405 West Green Street in the City of Ithaca, Tompkins County, heard a window break and saw Gary Perlmutter, a codefendant, running down a roof at the back of the house. As one officer entered the house to arrest Perlmutter, the other discovered defendant lying on a porch roof; at the police station following defendant's arrest, responding to a police officer's remark that he had not seen defendant for a while, the latter declared "this is the first burglary I've committed in a long time * * * I've been on vacation". Charged with burglary in the second degree, defendant was tried by a jury and convicted of the lesser included offense of attempted burglary in the second degree. Defendant appeals solely on the ground that one aspect of the instructions given the jury, timely objected to by defense counsel, constituted reversible error.

In a comprehensive charge, County Court gave the following instruction bearing on the crime of attempted burglary: "[T]he People are required to prove, from all of the evidence in the case, beyond a reasonable doubt, each of the following two elements: (1) that on or about January 10th, 1986, in the County of Tompkins, the defendant intended to * * * enter unlawfully a dwelling at 405 West Green Street, in the City of Ithaca, and commit a larceny therein; and (2) that, acting with such intent, the defendant engaged in conduct which tended to effect the commission of such crime, to wit: went upon the back porch roof of the premises at 405 West Green Street." This instruction was then repeated twice in response to a mid-deliberation question asked by the jury. Although defendant contends that the above-quoted language, in reality, sets forth as a matter of law that defendant was indeed present on the back porch roof and that his conduct tended to effect the commission of burglary, this instruction, fairly read and especially when considered in the context of the entire charge, makes it quite clear, we believe, that the jury was directed to answer for itself the factual question of whether defendant went upon the back porch roof and whether such conduct tended to effect a burglary (see, People v Lewis, 64 NY2d 1031, 1032).

Judgment affirmed. Mahoney, P. J., Kane, Weiss, Yesawich, Jr., and Levine, JJ., concur.